UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

PATRICK GEORGE, *pro se*,

              Plaintiff,

  -against-

A.D.A. MARIA PARK; JUDGE RANDOLPH
JACKSON; ATTORNEY MICHAEL WARREN;
JUDGE RAYMOND GUZMAN; JANE DOE;
JOHN DOE,

              Defendants.
───────────────────────────────X

NOT FOR PUBLICATION

**MEMORANDUM**
**DECISION AND ORDER**

07-CV-3546 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 21 2007
M.
TIME A.M.

**COGAN**, District Judge.

Plaintiff Patrick George filed the instant *pro se* civil rights action on August 24, 2007, pursuant to, *inter alia*, 28 U.S.C. § 1331, 42 U.S.C. §§ 1981, 1985, and 1986. Plaintiff paid the statutory filing fee to commence this action. For the reasons discussed below, plaintiff's action is dismissed.

### BACKGROUND

Plaintiff complains of events related to his 1987 arrest for raping and sexually abusing a fourteen-year-old girl and a fifteen-year-old girl. On July 28, 1988, plaintiff pleaded guilty to one count of sexual abuse in the first degree after a mistrial was declared by the trial court. See George v. N.Y. State Div. of Parole, 95-CV-1786, 1996 WL 518099, at *1 (E.D.N.Y. Aug. 30, 1996). On September 13, 1988, plaintiff was sentenced to one day in prison and five years of probation. Id. In the instant action, plaintiff questions the validity of his plea. Plaintiff states, "DA claims that when I plead guilty I plead to guilty to both Stephanie and Camille. This is a lie. I never knew or



was either even questioned about anything with Stephanie. And no I did not sleep with her[ ]." Compl. at 7-8. Plaintiff further alleges that "[f]or over 19 yrs now the DA has been knowingly and intentionally denying me Due process of law." Compl. at 13. Plaintiff also states that

> Attorney Michael Warren represented me with Camille only. No other case. Nor was I aware of any other case. Now the DA is saying that my lawyer arranged a plea for Camille and Stephanie. I knew nothing about this. The DA is knowingly and intentionally lying. . . . Every time I move for a hearing to prove I was framed and setup it gets denied. So there is no record. This has already been ruled on. A lawyer cannot without a defendant[']s understanding and authority make decisions for his client.

Compl. at 10. Plaintiff seeks for this Court to issue "a ruling that I am to be giving [sic] a Fair Hearing in State Court, a hearing that does not Violate my right to Due Process of law and all relief this Court [d]eems fair and [j]ust." Compl. at 13.

## DISCUSSION

The Court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000); see also Mallard v. United States D.C., 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

"A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.' " Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); see also Jolley v. Chatigny, No. 04-Civ-182, 2004 WL 306116, at *2 (D. Conn. Feb. 12, 2004) (stating that, when it is clear that the defendants are immune from suit, a dispositive defense appears on the face of the complaint, and the action can be dismissed as frivolous). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus,

2

have a great[] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." Fitzgerald, 221 F.3d at 364. A claim is also frivolous where it lacks an arguable basis either in law or in fact. Neitzke, 490 U.S. at 325.

Judicial Immunity

Plaintiff's claims against Judges Randolph Jackson and Raymond Guzman are dismissed, as judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11 (citation omitted); see also Montero, 171 F.3d at 760 ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting Neitzke, 490 U.S. at 325, 327).

In addition, the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." Id. § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). Huminski v. Corsones, 396 F.3d 53, 54 (2d Cir. 2004); Bliven v. Hunt, 418 F. Supp. 2d 135, 139 (E.D.N.Y. 2005). As the alleged wrongdoing of Judges Randolph Jackson and Raymond Guzman are acts that were performed within their judicial capacities during plaintiff's state criminal proceedings, plaintiff's claims are foreclosed by absolute immunity.

Prosecutorial Immunity

Plaintiff's claims against defendant Maria Park likewise cannot proceed because prosecutors

enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994). As the Second Circuit recently held, "[b]ecause the immunity attaches to the official prosecutorial function . . . and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions . . . the prosecutor has absolute immunity for the initiation and conduct of a prosecution 'unless [he] proceeds in the clear absence of all jurisdiction.'" Shmueli v. City of N.Y., 424 F.3d. 231, 237 (2d Cir. 2005) (quoting Barr v. Abrams, 810 F.2d 358, 361 (2d Cir. 1987) (citations omitted). See also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n.5 (1993) (acknowledging that absolute immunity shields a "prosecutor's decision to bring an indictment, whether he has probable cause or not"); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury); Hill v. City of N.Y., 45 F.3d at 660-61 (2d Cir. 1995) (holding prosecutors and those working under their direction absolutely immune for initiating prosecution and for conduct before a grand jury). Thus, since plaintiff's claims against defendant Maria Park pertain to her activities during plaintiff's prosecution and subsequent guilty plea, she is absolutely immune from suit in this action.

Private Action

Plaintiff's claims against defendant Michael Warren also cannot proceed. Liberally construing plaintiff's complaint as being brought under 42 U.S.C. § 1983, plaintiff must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42

4

U.S.C. § 1983; Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

Moreover, it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997); Torres v. Hynes, No. 97-CV-7717 (RR), 2000 WL 1052075, at *2 (E.D.N.Y. June 21, 2000); Tucker v. Kenney, 994 F. Supp. 412, 417 (E.D.N.Y. 1998). Therefore, plaintiff's claims against Michael Warren, who represented him during his criminal prosecution, cannot proceed.

Conspiracy Claims

Plaintiff's § 1985 and § 1986 claims also fail. "[A]n action will lie under § 1985(3) when a plaintiff is injured by a private conspiracy to interfere with his constitutional rights, so long as there is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Colombrito v. Kelly, 764 F.2d 122, 130 (2d Cir. 1985) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Plaintiff has identified no constitutional rights targeted by

any alleged conspiracy, nor has he alleged that any defendant was motivated by discriminatory animus.[1] Section "1986 provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.' Thus, a § 1986 claim must be predicated upon a valid § 1985 claim." Mian, 7 F.3d at 1088 (2d Cir. 1993) (citations omitted).

Invalidation of Conviction

Finally, to the extent plaintiff may seek monetary damages, plaintiff is reminded that a civil rights claim for damages can only be brought if plaintiff's underlying conviction is invalidated. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (discussing Heck v. Humphrey, 512 U.S. 477 (1994)). Before bringing an action for damages, he must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. See Heck, 512 U.S. at 486-87. Therefore, since plaintiff's federal habeas corpus petition was denied, see George v. N.Y. State Div. of Parole, 95-CV-1786, 1996 WL 518099, at *1 (E.D.N.Y. Aug. 30, 1996), a complaint seeking damages is not viable. See Amaker v. Weiner, 179 F.3d 48 (2d Cir.1999) (dismissal under Heck is without prejudice; if plaintiff's conviction is declared

---

[1] Section 1981 does not apply to plaintiff's action. It provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

The term "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Plaintiff's complaint provides no basis to suggest the existence of any contract, let alone a cognizable claim that any defendant intentionally discriminated against him on the basis of his race as required to state a claim under § 1981. See Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); see also Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994).

invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).

**CONCLUSION**

The Court, interpreting plaintiff's pleadings to raise the strongest arguments they suggest, finds it clear that defendants Park, Jackson and Guzman are immune from this suit. Plaintiff's claims against defendant Warren also fail as he is a private actor. Accordingly, plaintiff's action is dismissed.

Although plaintiff paid the filing fee to bring this action, if he requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to *pro se* plaintiff by certified mail with return receipt.

SO ORDERED.

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 20, 2007

7